UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO M. SANCHEZ, | ) | 1:07-CV-00046 AWI NEW HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #6] |
| v. | ) | |
| | ) | ORDER VACATING ORDER GRANTING |
| | ) | PETITION |
| JEFF WRIGLEY, Warden, | ) | [Doc. #7] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   On March 6, 2007, the undersigned issued an order granting petition and ordering Respondent to consider the appropriateness of transferring Petitioner to an Residential Re-entry Center ("RRC") in light of the factors set forth in 18 U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons ("BOP"), without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.

   However, on March 1, 2007, Respondent filed a motion to dismiss the petition as moot, because Respondent had already conducted the inquiry Petitioner requested as relief in his petition. In his motion, Respondent states, "The BOP has evaluated petitioner 'without reference to the time

1 constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections
2 Policies.'" See Respondent's Motion to Dismiss (hereinafter "Motion"). As a result of this
3 evaluation, the BOP has determined Petitioner is to spend "30-60 days in a Residential Re-entry
4 Center before his release." Id. Respondent has provided a copy of the completed form entitled,
5 "Institutional Referral for CCC Placement." See Exhibit 3, Motion. According to the form, Petitioner
6 was evaluated on February 8, 2007. Id.

7   Because Petitioner has already been granted the relief he requested and recommended by the
8 Magistrate Judge, the case is now moot. The case or controversy requirement of Article III of the
9 Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y
10 v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of
11 Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented
12 are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v.
13 Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to
14 decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice,
15 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth,
16 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

17   Accordingly, IT IS HEREBY ORDERED that:
18   1. Respondent's Motion to Dismiss is GRANTED;
19   2. The Order Granting the Petition dated March 6, 2007, is VACATED;
20   3. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and
21   4. The Clerk of Court is DIRECTED to enter judgment.
22
23 IT IS SO ORDERED.
24 **Dated:   March 22, 2007**            **/s/ Anthony W. Ishii**
   0m8i78                                 UNITED STATES DISTRICT JUDGE
25
26
27
28